UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JASON S.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:19-CV-6003-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he improperly discounted the opinions of Dr. Peter Weir, Dr. Philip Gibson, and ARNP Kari Lyn Griffin-Harte. As the ALJ's error is not harmless this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of

1  the Social Security Administration ("Commissioner") for further proceedings consistent with

2  this Order.

3  <u>FACTUAL AND PROCEDURAL HISTORY</u>

4  On February 28, 2018, Plaintiff filed applications for SSI and DIB, alleging disability

5  as of May 1, 2015.[1] *See* Dkt. 8, Administrative Record ("AR") 24. The application was denied

6  upon initial administrative review and on reconsideration. *See* AR 24. A hearing was held

7  before ALJ Larry Kennedy on April 4, 2019. *See* AR 24. In a decision dated May 15, 2019, the

8  ALJ determined Plaintiff to be not disabled. *See* AR 43. Plaintiff's request for review of the

9  ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final

10 decision of the Commissioner. *See* 20 C.F.R. § 404.981, § 416.1481.

11 In the Opening Brief, Plaintiff maintains the ALJ erred by improperly considering the

12 medical opinion evidence. Dkt. 12.

13 <u>STANDARD OF REVIEW</u>

14 Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

15 social security benefits if the ALJ's findings are based on legal error or not supported by

16 substantial evidence in the record as a whole.[2] *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1

17 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

18

19

20

21

22

23

24

---

[1] Plaintiff also filed applications for SSI and DIB on January 12, 2017. *See* AR 24. These applications were denied initially on May 4, 2017 and Plaintiff did not appeal the determinations. *See* AR 24. "Because [Plaintiff] did not appeal these determinations, they are administratively final." AR 24.

[2] The Court notes the Social Security Administration amended its regulations governing medical opinions for claims filed on or after March 27, 2017. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5852-5857 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Here, the parties cite to the rules and legal standard applicable to claims filed prior to March 27, 2017. *See* Dkt. 12, 15, 16. The Commissioner further states the Defendant's brief cites to the rules that apply to the ALJ's decision. Dkt. 15, p. 2, n1. Thus, the Court will defer to the parties' assessment and apply the rules and legal standard applicable to claims filed prior to March 27, 2017.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 2

1

<u>DISCUSSION</u>

2

**I.      Whether the ALJ properly considered the medical opinion evidence**

3

Plaintiff contends the ALJ improperly considered the opinions of Dr. Weir, Dr. Bruce

4

Tapper, Dr. Gibson, and Ms. Griffin-Harte. Dkt. 12.

5

In assessing an acceptable medical source, an ALJ must provide "clear and convincing"

6

reasons for rejecting the uncontradicted opinion of either a treating or examining physician.

7

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506

8

(9th Cir. 1990)); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). When a treating or

9

examining physician's opinion is contradicted, the opinion can be rejected "for specific and

10

legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

11

830-831 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)); *Murray v. Heckler*,

12

722 F.2d 499, 502 (9th Cir. 1983). The ALJ can accomplish this by "setting out a detailed and

13

thorough summary of the facts and conflicting clinical evidence, stating his interpretation

14

thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

15

*Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

16

A.  <u>Dr. Weir</u>

17

Dr. Weir, conducted a consultative physical examination of Plaintiff and found he

18

ambulated with a normal gait, was able to stand on his toes and heels and with all his weight

19

on one leg at a time, and perform a squat. AR 582-583, 878-879. After diagnosing Plaintiff

20

with degenerative disc disease, mild osteoarthritis in both wrists, and status post open

21

reduction with internal fixation fracture in his left ankle, Dr. Weir opined Plaintiff was limited

22

to about four hours of standing and/or walking in an eight-hour work day. AR 584, 880. The

23

ALJ discussed Dr. Weir's opinion and discounted it, because:

24

(1) This restrictions [sic] is internally inconsistent with Dr. Irwin's own examination findings, which show that the claimant was able to ambulate with a normal gait, stand on his toes and heels, stand with all of his weight on one leg at a time, and perform a squat. (2) It is also inconsistent with other examination findings, including full range of motion, 5/5 motor strength, and intact sensation throughout the bilateral lower extremities. When considering the claimant's consistently normal gait at other examinations, I find that Dr. Irwin's, Dr. Lavallie's, and Dr. Fitterer's assessment that the claimant can stand/walk 6 hours in an 8-hour workday it [sic] supported.

AR 36 (citations omitted) (numbering added).

First, the ALJ discounted Dr. Weir's opinion because it is internally inconsistent.[3] AR 36. An ALJ may give less weight to a physician's opinion if the physician's clinical notes and recorded observations contradict the physician's opinion. *Bayliss*, 427 F.3d at 1216; *see Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding the ALJ's rejection of a treating doctor's opinion because it was internally inconsistent); *Melton v. Commissioner of Social Sec. Admin.*, 442 Fed.Appx. 339, 341 (9th Cir. 2011) (finding the ALJ reasonably relied on an internal inconsistency when discrediting a doctor's opinion).

Here, Dr. Weir conducted a physical examination and found Plaintiff ambulated with a normal gait, was able to stand on his toes and heels and with all his weight on one leg at a time, and perform a squat. AR 582-583, 878-879. Afterward, Dr. Weir opined Plaintiff is limited to standing and/or walking for about four hours in an eight-hour day. AR 584, 880. The ALJ relied on the same results from Dr. Weir's exam and came to a different conclusion. *See* AR 36. The ALJ is "simply not qualified to interpret raw medical data in functional terms…" *Nguyen v. Chater*, 172 F.3d 31, 35 (9th Cir. 1999); *see also Schmidt v. Sullivan*, 914 F.2d 117,

---

[3] Although the ALJ wrote that Dr. Weir's opinion was "internally inconsistent with Dr. Irwin's own findings", the Court infers that the ALJ mistakenly wrote Dr. Irwin's name in place of Dr. Weir's. *See Magallanes*, 881 F.2d at 775 ("[a]s a reviewing court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion").

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 4

1  118 (7th Cir. 1990) ("[J]udges, including administrative law judges . . . must be careful not to

2  succumb to the temptation to play doctor").

3        In addition, the ALJ failed to explain any basis for his conclusion that such findings

4  undermined Dr. Weir's opinion. *See Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (the

5  ALJ must "build an accurate and logical bridge from the evidence to [his] conclusions" so that

6  the court "may afford the claimant meaningful review of the SSA's ultimate findings").

7  Accordingly, the ALJ's first reason for rejecting Dr. Weir's opinion is specific and legitimate

8  and supported by substantial evidence.[4]

9        Second, the ALJ discounted Dr. Weir's opinion because it is inconsistent with "other

10  examination findings, including full range of motion, 5/5 motor strength, and intact sensation

11  throughout the bilateral lower extremities." AR 36. The ALJ also referenced he found other

12  medical opinions more persuasive. AR 36. The ALJ again failed to explain how these medical

13  findings undermine Dr. Weir's opinion. *See* AR 36. Without an adequate explanation to

14  support the alleged inconsistency, the Court cannot determine if the alleged inconsistency is a

15  valid reason to discredit Dr. Weir's opinion. *See Blakes*, 331 F.3d at 569; *see also Treichler v.*

16  *Comm'r of Soc. Sec. Admin.,* 775 F.3d 1090, 1103 (9th Cir. 2014) (citation omitted) ("the ALJ

17  must provide some reasoning in order for us to meaningfully determine whether the ALJ's

18  conclusions were supported by substantial evidence"). Accordingly, the ALJ's second reason

19  for rejecting Dr. Weir's opinion is not specific and legitimate and supported by substantial

20  evidence.

21

22

23

24

---

[4] Plaintiff argues the "clear and convincing" standard should apply to Dr. Weir's opinion. Dkt. 12, p. 4. Regardless of whether this standard applies, the Court finds the ALJ failed to meet the lower "specific and legitimate" standard, and therefore would also fail to meet the higher standard.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 5

1    For the above stated reasons, the Court finds the ALJ failed to provide specific and

2    legitimate reasons supported by substantial evidence for discounting Dr. Weir's opinion.

3    Accordingly, the ALJ erred.

4    "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*,

5    674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial

6    to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout*

7    *v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at

8    1115. The determination as to whether an error is harmless requires a "case-specific

9    application of judgment" by the reviewing court, based on an examination of the record made

10   "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d

11   at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

12   Had the ALJ given great weight to Dr. Weir's opinion, the ALJ may have included

13   additional limitations in the residual functional capacity ("RFC"). Dr. Weir opined that

14   Plaintiff is limited to about four hours of standing and/or walking an in eight-hour work day.

15   AR 584, 880. In contrast, the RFC limits Plaintiff to light work, which requires an ability to

16   stand/walk for six or more hours out of an eight-hour work day. *See* Social Security Ruling

17   ("SSR") 83-10. Therefore, if Dr. Weir's opinion was given great weight and additional

18   limitations were included in the RFC and in the hypothetical questions posed to the vocational

19   expert, the ultimate disability determination may have changed. Accordingly, the ALJ's errors

20   are not harmless and require reversal. The ALJ is directed to reassess Dr. Weir's opinion on

21   remand.

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

1    B.  Dr. Tapper

2        Dr. Tapper completed a mental functional capacity assessment of Plaintiff and opined

3    he was markedly limited in several mental domains, including in his ability to complete a

4    normal workday and workweek without interruptions from psychologically based symptoms

5    and to perform at a consistent pace without an unreasonable number and length of rest periods.

6    AR 1146-1148.

7        The ALJ rejected Dr. Tapper's opinion for four reasons: (1) Plaintiff's mental health

8    symptoms are improved and stable when compliant with medication; (2) the evidence

9    discussed as part of the Paragraph B domains indicates no more than moderate limitations; (3)

10   Dr. Tapper relied on Plaintiff's presentation and testing, which are inconsistent with Plaintiff's

11   presentation and testing at other appointments; and (4) Dr. Tapper relied on Plaintiff's self-

12   report, which is not fully reliable. AR 39-40.

13       The Court finds the ALJ's first reason for rejecting Dr. Tapper's opinion is specific and

14   legitimate and supported by substantial evidence. "Impairments that can be controlled

15   effectively with medication are not disabling for the purpose of determining eligibility for

16   [disability] benefits." *Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006). Here,

17   the ALJ noted that in January 2019, Plaintiff reported his symptoms were stable on

18   medications until he self-discontinued them. AR 32, citing AR 1117. When Plaintiff resumed

19   taking his medication, he reported his mood was stable for most of the time, and that he was

20   "doing well" despite saying that "[s]ome days are up and some days are down[.]" AR 32, citing

21   AR 1103-1106. In addition, Plaintiff reported to his mental health provider that when taking

22   his medications, "things go well, I quit taking my meds and things go bad." AR 922.

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 7

1   Accordingly, the ALJ's first reason for rejecting Dr. Tapper's opinion is specific and legitimate

2   and supported by substantial evidence.

3          While the ALJ had additional reasons to reject Dr. Tapper's opinion, the Court need not

4   consider whether any of the other reasons contained error, as any error would be harmless

5   because the ALJ gave a specific, legitimate reason supported by substantial evidence to reject

6   the opinion. *See* AR 27, 29-30; *Presley-Carrillo v. Berryhill*, 692 F. Appx. 941, 944-45 (9th

7   Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir.

8   2008) (noting that although an ALJ erred with regard to one reason he gave to discount a

9   medical source, "this error was harmless because the ALJ gave a reason supported by the

10  record" to discount the source). Accordingly, the Court finds the ALJ properly rejected Dr.

11  Tapper's opinion.

12     C.  Dr. Gibson

13         Dr. Gibson performed a consultative evaluation of Plaintiff at the request of Disability

14  Determination Services. AR 882-885. He opined Plaintiff would have difficulty accepting

15  instruction from supervisors, interacting with coworkers and dealing with the usual stress

16  encountered in the workplace, and may have difficulty performing work activities on a

17  consistent basis without special or additional instruction. AR 882-885. The ALJ found Dr.

18  Gibson's opinion somewhat consistent with the overall evidence, but discounted it for three

19  reasons:

20         I, however, find that the claimant would not have any significant difficulty
           accepting instructions from supervisors. (1) This portion of Dr. Gibson's opinion
21         was based on the claimant's agitated/frustrated presentation. As documented
           above, however, the claimant typically exhibits appropriate behavior during
22         appointments with treatment providers. (2) Moreover, the claimant himself
           reports being able to get along well with authority figures. (3) I also do not adopt
23         Dr. Gibson's suggestion that the claimant would have difficulty performing
           simple activities consistently. This portion of his opinion was based on the
24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8

1    claimant's ability to recall 0/3 objects immediately. As discussed above, however,
2    Dr. Covell, who reviewed Dr. Gibson's evaluation, concluded that his
     performance on this task was "not convincing since TBI patients usually get 1/3
3    [objects immediately] and suggests either suboptimal effort or intentional
     manipulation[.]"

4    AR 38-39 (citations omitted) (numbering added).

5        First, the ALJ discounted Dr. Gibson's opinion because it was based on Plaintiff's

6    agitated/frustrated presentation, which is inconsistent with Plaintiff's behavior typically

7    exhibited during appointments. AR 38. An ALJ need not accept an opinion which is

8    inadequately supported "by the record as a whole." *See Batson v. Comm'r of Soc. Sec. Admin.*,

9    359 F.3d 1190, 1195 (9th Cir. 2004); 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). But it is

10   error for an ALJ to selectively focus on evidence that tends to suggest a plaintiff is not

11   disabled. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

12       Here, the ALJ failed to acknowledge Plaintiff also exhibited agitated behavior at

13   appointments with other providers. For example, Dr. Weir described him as "angry and

14   hostile" at times, while at other times he was "weepy." AR 878. Plaintiff's therapist noted

15   Plaintiff "was agitated and angry" during a therapy session. AR 1107. Plaintiff reported he has

16   problems getting along with others because he becomes irritated with people and has a low

17   tolerance level. AR 424. On one occasion, Plaintiff reported he was unable to keep

18   relationships with any of his family due to his mental health issues. AR 1111. Thus, the ALJ's

19   selective focus on evidence which supports his conclusion is error. *See Gallant v. Heckler*, 753

20   F.2d 1450, 1456 (9th Cir. 1984) (it is error for the ALJ to ignore or misstate competent

21   evidence in order to justify a conclusion). Accordingly, the ALJ's first reason for rejecting Dr.

22   Gibson's opinion is not specific and legitimate and supported by substantial evidence.

23

24

1   Second, the ALJ discounted Dr. Gibson's opinion because Plaintiff reported he gets

2   along well with authority figures. AR 39. Dr. Gibson did not correlate Plaintiff's tendency to

3   be agitated and frustrated to Plaintiff's interactions with "authority figures", but did connect

4   this tendency to Plaintiff having difficulty accepting instructions from supervisors and

5   interacting with coworkers and the public. As such, the ALJ made an incorrect conclusion.

6   Moreover, the ALJ did not explain how Plaintiff's ability to get along well with authority

7   figures is inconsistent with Dr. Gibson's opinion that Plaintiff would have difficulty accepting

8   instructions from supervisors and interacting with coworkers and the public. *See* AR 39.

9   Therefore, the ALJ's second reason for discounting Dr. Gibson's opinion is not specific and

10  legitimate and supported by substantial evidence.

11  Third, the ALJ discounted the portion of Dr. Gibson's opinion that Plaintiff would have

12  difficulty performing simple activities constantly because a reviewing doctor thought

13  Plaintiff's performance on recalling objects immediately suggested "suboptimal effort or

14  intentional manipulation." AR 39. The fact Dr. Gibson's opinion is inconsistent with Dr.

15  Covell's opinion shifts the standard of review for giving less weight to Dr. Gibson's opinion

16  from clear and convincing to specific and legitimate reasons, but does not eliminate the need

17  for the ALJ to provide a proper reason to reject his opinion. *See Lester*, 81 F.3d at 830-831

18  (citing *Andrews*, 53 F.3d at 1043) (establishing the "specific and legitimate" standard for

19  physician opinions that are contradicted); *Murray*, 722 F.2d at 502. The ALJ merely identifies

20  his preference for one of two different medical opinions and by doing so without explanation,

21  the ALJ's third reason for dismissing Dr. Gibson's opinion is not specific or legitimate. *See*

22  *Garrison v. Colvin*, 759 F.3d 995, 1012-1013 (9th Cir. 2014) (an ALJ errs when he rejects a

23

24

1    medical opinion or assigns it little weight when asserting without explanation another medical

2    opinion is more persuasive).

3        For the above stated reasons, the Court finds the ALJ failed to provide specific and

4    legitimate reasons supported by substantial evidence for discounting Dr. Gibson's opinion.

5    Thus, the ALJ is directed to reassess Dr. Gibson's opinion on remand.

6        D.  Ms. Griffin-Harte

7        "Other medical source" testimony "is competent evidence that an ALJ must take into

8    account," unless the ALJ "expressly determines to disregard such testimony and gives reasons

9    germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001);

10   *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010). "Further, the reasons

11   'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir.

12   2009).

13       Plaintiff challenges the ALJ's treatment of a January 2019 opinion from Ms. Griffin-

14   Harte, ARNP, in which she opined to both physical and mental limitations.[5] AR 1095-1098.

15   On physical limitations, Ms. Griffin-Harte opined Plaintiff is limited to four hours of standing

16   and sitting in an eight-hour day. AR 1095. She opined Plaintiff is unable to use his hands for

17   repetitive tasks such as simple grasping, pushing and pulling, and fine manipulation. AR 1098.

18   She also found Plaintiff was markedly limited in almost all mental domains. AR 1096-1097.

19       With regard to Plaintiff's physical limitations, the ALJ rejected Ms. Griffin-Harte's

20   January 2019 opinion for three reasons: (1) it is unsupported by the medical evidence; (2) it is

21   inconsistent with Plaintiff's activities of daily living; and (3) Ms. Griffin-Harte relied on

22   Plaintiff's self-reports, which are not fully reliable. AR 37-38.

23

24   ────────────
[5] Plaintiff does not challenge the ALJ's dismissal of Ms. Griffin-Harte's October 2018 opinion letter. *See* Dkt. 12.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 11

1   First, the ALJ rejected Ms. Griffin-Harte's opinion because it is unsupported by

2   objective medical findings. AR 37. The ALJ noted that Plaintiff's "relatively benign objective

3   findings do not corroborate Ms. Griffin-Harte's assessment of standing, sitting, and

4   manipulative limitations." AR 37. "[A]n ALJ errs when he rejects a medical opinion or assigns

5   it little weight while doing nothing more than ignoring it, asserting without explanation that

6   another medical opinion is more persuasive, or criticizing it with boilerplate language that fails

7   to offer a substantive basis for his conclusion." *Garrison*, 759 F.3d at 1012-1013 (citing

8   *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). As the Ninth Circuit has stated:

9   
10          To say that medical opinions are not supported by sufficient objective findings or
           are contrary to the preponderant conclusions mandated by the objective findings
           does not achieve the level of specificity our prior cases have required, even when
11          the objective factors are listed seriatim. The ALJ must do more than offer his
           conclusions. He must set forth his own interpretations and explain why they,
12          rather than the doctors', are correct.

     *Embrey*, 849 F.2d at 421-422 (internal footnote omitted).

13  
14          Here, the ALJ failed to explain why his interpretation of the medical evidence, rather

15   than Ms. Griffin-Harte's, is correct. *See* AR 37-38. The findings discussed by the ALJ could

16   reasonably have supported the limitations assessed by Ms. Griffin-Harte. Accordingly, the

17   ALJ's first reason for rejecting Ms. Griffin-Harte's opinion regarding Plaintiff's physical

18   limitations is not germane.

19          Second, the ALJ rejected Ms. Griffin-Harte's opinion because it is inconsistent with

20   Plaintiff's activities of daily living and with his desire to work in the baking industry. AR 37.

21   Plaintiff's ability to ride a bike, drive, sculpt, work with clay, do odd jobs, and work in the

22   kitchen does not necessarily show he could "perform an eight-hour workday, five days per

23   week, or an equivalent work schedule." *See* SSR 96-8p, 1996 WL 374184, at *1. Moreover, the

24   ALJ failed to explain how Plaintiff's ability to perform these activities shows he could sustain

1   a full-time work schedule. *See Mulanax v. Comm'r of Soc. Sec. Admin.*, 293 Fed. Appx. 522,

2   523 (9th Cir. 2008) (citing SSR 96-8p) ("[g]enerally, in order to be eligible for disability

3   benefits under the Social Security Act, the person must be unable to sustain full-time work –

4   eight hours per day, five days per week"). Further, it is unclear whether Plaintiff's desire to

5   work in the baking industry was a realistic goal or what type of work Plaintiff wanted to do

6   within the industry. A disability claimant "should not be penalized for attempting to lead

7   normal lives in the face of their limitations." *See Reddick*, 157 F.3d at 722. Accordingly, the

8   ALJ's second reason for rejecting Ms. Griffin-Harte's opinion regarding Plaintiff's physical

9   limitations is not germane.

10          Third, the ALJ rejected Ms. Griffin-Harte's opinion because it is based in part on

11  Plaintiff's subjective report. AR 38. An ALJ may reject a physician's opinion "if it is based 'to

12  a large extent' on a claimant's self-reports that have been properly discounted as incredible."

13  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc.*

14  *Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). This situation is distinguishable from one in

15  which the provider offers her own observations in support of her assessments and opinions. *See*

16  *Ryan v. Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). "[W]hen an

17  opinion is not more heavily based on a patient's self-reports than on clinical observations,

18  there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162

19  (9th Cir. 2014) (citing *Ryan*, 528 F.3d at 1199-1200). Here, the ALJ failed to explain how Ms.

20  Griffin-Harte's opinion is based "to a large extent" on Plaintiff's subjective complaints. In

21  contrast, the ALJ only noted Ms. Griffin-Harte's opinion relied "in part" on Plaintiff's self-

22  reports. Accordingly, the ALJ's third reason for rejecting Ms. Griffin-Harte's opinion

23  regarding Plaintiff's physical limitations is not germane and the ALJ has therefore failed to

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 13

1   provide any germane reason to reject the physical limitations portion of Ms. Griffin-Harte's

2   opinion.

3   With regard to Plaintiff's mental limitations, the ALJ rejected Ms. Griffin-Harte's

4   January 2019 opinion for five reasons: (1) Plaintiff's mental health symptoms are improved

5   and stable when compliant with medication; (2) the evidence at Paragraph B indicates no more

6   than moderate limitations; (3) it is inconsistent with the longitudinal mental status findings; (4)

7   Ms. Griffin-Harte relied, in part, on Plaintiff's physical conditions, which are out of proportion

8   to the relatively benign objective findings; and (5) Ms. Griffin-Harte relied on Plaintiff's self-

9   report, which is not fully reliable. AR 40-41.

10   The Court finds the ALJ's first reason is germane. "Impairments that can be controlled

11   effectively with medication are not disabling for the purpose of determining eligibility for

12   [disability] benefits." *Warre*, 439 F.3d at 1006. As discussed above in the analysis of Dr.

13   Tapper's opinion, the ALJ notes that in January 2019, Plaintiff reported his symptoms were

14   stable on medications until he self-discontinued them. AR 32, citing AR 1117. When Plaintiff

15   resumed taking his medication, he reported his mood was stable for most of the time, and that

16   he was "doing well" despite saying that "[s]ome days are up and some days are down[.]" AR

17   32, citing AR 1103-1106. In addition, Plaintiff reported to his mental health provider that when

18   taking his medications, "things go well, I quit taking my meds and things go bad." AR 922.

19   Accordingly, the ALJ's first reason for rejecting Ms. Griffin-Harte's opinion is germane.

20   While the ALJ had additional reasons to reject Ms. Griffin-Harte's opinion, the Court

21   need not consider whether any of the other reasons contained error, as any error would be

22   harmless because the ALJ gave a germane reason to reject the opinion. *See* AR 40-41; *Presley-*

23   *Carrillo*, 692 F. Appx. at 944-945.

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 14

1    Accordingly, the Court finds the ALJ properly rejected Ms. Griffin-Harte's opinion

2  regarding Plaintiff's mental limitations, but failed to provide a germane reason for rejecting

3  Ms. Griffin-Harte's opinion regarding Plaintiff's physical limitations. Therefore, the ALJ is

4  directed to reassess Ms. Griffin-Harte's January 2019 opinion regarding Plaintiff's physical

5  limitations on remand.

6                                                CONCLUSION

7    Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded

8  Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and

9  this matter is remanded for further administrative proceedings in accordance with the findings

10  contained herein.

11    Dated this 30th day of July, 2020.

12

13

14                                               David W. Christel
                                                 United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 15